# UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JESUS GALO**                                              **CIVIL ACTION**

**VERSUS**                                                 **NO. 06-4290**

**KATHLEEN BLANCO,**                                       **SECTION: "J"(3)**
**GOVERNOR, ET AL.**

## REPORT AND RECOMMENDATION

Plaintiff, Jesus Galo, a state inmate, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Governor Kathleen Blanco, Orleans Parish Criminal Sheriff Marlin Gusman, Secretary Richard Stalder of the Louisiana Department of Public Safety and Corrections, and New Orleans Mayor Ray Nagin.[1]  In this lawsuit, plaintiff complains about the conditions of confinement within the Orleans Parish Prison System in the aftermath of Hurricane Katrina.

A Spears hearing was held on August 30, 2006, to allow plaintiff a meaningful opportunity to advise the Court of the nature and factual basis of his claims.  See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).[2]  At that hearing, plaintiff was sworn and his testimony was recorded.  Based

---

[1] Nagin was identified in the complaint as "Ray Hagim" and "Ray Nagim."

[2] "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners."  Davis v. Scott, 157 F.3d 1003,

on his complaint and <u>Spears</u> hearing testimony, the Court finds that plaintiff is making the following allegations in support of his claims.

Plaintiff was incarcerated within the Orleans Parish Prison system in August, 2005.  After Hurricane Katrina hit the city, the electricity went off in the prison, rendering the air conditioners and the toilets inoperable.  When prisoners started breaking windows for fresh air, guards "beat a few fellows up"; however, plaintiff was not among those beaten by the guards.  A couple of days later, prisoners were brought in from another location, which caused overcrowding.

After the inmates were removed from the prison and placed on a bridge, plaintiff saw other inmates being mistreated.  For example, he saw a man being beaten and a woman being dragged on the ground after she passed out.

When asked why he was suing the four named defendants, plaintiff stated that they were being sued because of their positions and the fact that they were in "the chain of command."  He stated that "no one did their job accordingly."  He testified that the named defendants were not present during these events and had no personal involvement in these matters.

When plaintiff was asked what physical injuries he suffered, he stated "nothing major ... mainly, you know how things stay locked up in your brain a lot, you know."  He later stated that he had nothing but "a little scrapes and ... bumps on my ass... because of that dirty water."

---

1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a <u>Spears</u> hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement.  <u>Eason v. Holt</u>, 73 F.3d 600, 602 (5th Cir. 1996).  <u>Spears</u> hearing testimony becomes a part of the total filing by the *pro se* applicant.  <u>Id</u>.

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).[3]

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit,[4] federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>> (i) is frivolous or malicious;
>> (ii) fails to state a claim on which relief may be granted; or
>> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of the complaint.  Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d

---

   [3]  "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915A(c).

   [4] Rec. Doc. 2.

114 (5th Cir. 1993).  In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).  Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact."  Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Broadly reading plaintiff's complaint,[5] and fully considering his Spears hearing testimony, the Court finds that his complaint lacks any arguable basis in law and should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

As a preliminary matter, the Court notes that there is no legal basis for holding defendants Blanco, Stalder, and Nagin liable for the conditions of plaintiff's confinement within the Orleans Parish Prison system.  In Louisiana, the responsibility for parish prisons is divided between the local governing authority and the sheriff.  Put simply, the governing authority is responsible for financing and maintaining the prison, La.Rev.Stat.Ann. §§ 15:304,[6] 15:702,[7] and 33:4715;[8] however, the

---

[5] The court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[6] La.Rev.Stat.Ann. § 15:304 provides in pertinent part: "All expenses incurred in the different parishes of the state or in the city of New Orleans by ... confinement ...of persons accused or convicted of crimes ... shall be paid by the respective parishes in which the offense charged may have been committed or by the city of New Orleans, as the case may be."

[7] La.Rev.Stat.Ann § 15:702 provides in pertinent part: "The governing authority of each parish shall be responsible for the physical maintenance of all parish jails and prisons."

[8] La.Rev.Stat.Ann. § 33:4715 provides in pertinent part: "The police jury of each parish shall provide ... a good and sufficient jail ...."

sheriff is responsible for the day-to-day operation of the prison, La.Rev.Stat.Ann. §§ 15:704[9] and

33:1435.[10]  The division of responsibilities between the City of New Orleans and the Orleans Parish

Criminal Sheriff was concisely set forth in Broussard v. Foti, Civil Action No. 00-2318, 2001 WL

258055 (E.D. La. Mar. 14, 2001):

> In Louisiana, sheriffs are the final policy makers with respect to the management of
> jails.  See Jones v. St. Tammany Parish Jail, 4 F.Supp.2d 606, 613 (E.D.La. May 8,
> 1998).  Under Louisiana law, the authority of the Orleans Parish Criminal Sheriff is
> derived from the state Constitution, not from the City of New Orleans.  See La.
> Const. art. 5 § 27.  The sheriff's office, not the City, controls the inmates of the jail,
> the employees of the jail, and the daily management and operation of the jail.  See
> La. R.S. § 33:1435; 15:704; O'Quinn v. Manuel, 773 F.2d 605, 609 (quoting Amiss
> v. Dumas, 411 So.2d 1137, 1141 (La.App. 1st Cir.), writ denied, 415 So.2d 940
> (La.1982)).
>
> Under the statutory framework, the responsibility of the City of New Orleans'
> is to finance and physically maintain the jail. See Griffin v. Foti, 523 So.2d 935, 937
> (La.App. 4th Cir.1988); see also O'Quinn, 773 F.2d at 609.  In Louisiana, the
> legislative scheme dictates that the City of New Orleans bears the obligation of
> satisfying the expenses of housing prisoners, while the sheriff has the duty of
> operating the facility.  See Amiss, 411 So.2d at 1141.  The City has no authority over
> the operations of the jail or the management of the sheriff's employees.  See Jones,
> 4 F.Supp.2d at 613; O'Quinn, 773 F.2d at 609 (administration of the jail is province
> of sheriff).  In other words, the City's financial obligations do not constitute
> authority to control how the sheriff fulfills his duties.  See O'Quinn, 773 F.2d at 613
> (citing Jenkins v. Jefferson Parish Sheriff's Office, 402 So.2d 669, 670 (La.1981)).
> Thus, the City's responsibilities are limited to funding and maintaining the jail.  See
> La. R.S. § 15:702.

Broussard, 2001 WL 258055, at *2.  Because Blanco, Stalder, and Nagin had no authority over the

operations or employees of the Orleans Parish Prison system, they cannot be held legally responsible

---

[9] La.Rev.Stat.Ann. § 15:704 provides in pertinent part: "Each sheriff shall be the keeper of the public jail of his parish ...."

[10] La.Rev.Stat.Ann. § 33:1435(A) provides in pertinent part: "Each sheriff shall be keeper of the public jail of his parish ...."

for the conditions within the prison system or the actions or inactions of prison personnel in the aftermath of Hurricane Katrina.  Accordingly, the claims against those defendants should be dismissed as frivolous.

As to Gusman, even if the Court assumes that there may be a basis for holding him liable, the Court finds that plaintiff has failed to state a cognizable claim for the following reasons.

To the extent that plaintiff is claiming that Gusman acted negligently, his claim necessarily fails.  Claims brought pursuant 42 U.S.C. § 1983 cannot be founded on mere negligence.  Eason v. Thaler, 73 F.3d 1322, 1329 n.3 (5th Cir. 1996) ("[N]egligence is not a theory for which liability may be imposed under section 1983."); see also Baker v. McCollan, 443 U.S. 137, 146 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."); Nesmith v. Taylor, 715 F.2d 194, 195 (5th Cir. 1983) ("It is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.").

To the extent that plaintiff is in fact asserting a constitutional claim, federal law bars his claim because he suffered no cognizable physical injury.  Federal law provides:  "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); see also Charles v. Nance, No. 05-51136, 2006 WL 1752486, at *1 (5th Cir. June 21, 2006) (prisoner may not maintain action for monetary damages absent a showing of physical injury).  While plaintiff experienced an undeniably traumatic event, he cannot recover for

purely mental or emotional injuries.  Feelings of fear and anxiety do not qualify as physical injuries under § 1997e(e).  Herman v. Holiday, 238 F.3d 660, 665-66 (5th Cir. 2001).

At the Spears hearing, plaintiff testified primarily regarding what he allegedly saw happen to *other* prisoners.  However, he can bring suit only for what happened to *him*.  When asked what physical injuries *he* suffered, plaintiff could point to only a few scrapes and a rash.  *De minimis* injuries, such as the ones about which plaintiff complains, are insufficient to meet the "physical injury" requirement of § 1997e(e).  See Alexander v. Tippah County, 351 F.3d 626, 631 (5th Cir. 2003) (inmate's vomiting and nausea were *de minimis* injuries not constituting a "physical injury" under § 1997e(e)); see also Cambre v. Jefferson Parish Sheriff Office, Civil Action No. 05-6863, 2006 WL 2092403, at *5 (E.D. La. May 15, 2006) (Wilkinson, M.J.) (nausea and headaches resulting from post-Katrina conditions did not meet "physical injury" requirement) (adopted by Beer, J., on July 25, 2006); Abney v. Valdez, No. 3-05CV-1645-M, 2005 WL 3147863, at *2 (N.D. Tex. Oct. 27, 2005) (Kaplan, M.J.) (daily migraines, frequent urination, and itchy, watery eyes were insufficient to establish "physical injury" requirement) (adopted by Lynn, J., on November 22, 2005); Mitchell v. Horn, Civil Action No. 98-4742, 2005 WL 1060658, at *1 (E.D. Pa. May 5, 2005) (severe headaches and itching were temporary *de minimis* injuries).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this thirteenth day of September, 2006.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**